### 10726.  UNDERWOOD *v.* BOARD OF PUBLIC EDUCATION &C.

STEPHENS, J.  1.  The Board of Public Education for the City of Savannah and County of Chatham is a public institution established by an act of the legislature, with powers to establish, under certain limitations, a public-school system, and to appoint, suspend, and remove teachers, and to make by-laws, rules, and regulations for their own government and for the government of the teachers and schools under their superintendence.  Ga. L. 1865-6, p. 79.  All persons dealing with the board are bound by its rules and regulations, lawfully made and adopted, whether or not they are actually cognizant of such rules and regulations.

2.  Where one contracts with the board for employment as a teacher in a particular school under the jurisdiction of the board, for the ensuing scholastic year, the contract is made subject to an existing rule of the board providing that the committee on teachers shall have the right to transfer any teacher employed in the schools from one school to another within the board's jurisdiction.

3.  Where a contract provides that one is employed as a teacher in the "second grade of the Waters Avenue School for the ensuing scholastic year," an order passed under the authority of the board, transferring such teacher before the termination of the contract to the Abercorn Street School, another school under the jurisdiction of the board, is not a violation of the contract on the part of the board.

4.  The right of the board to make such transfer cannot be affected by any contract which the board may have had with a third party, prohibiting the employment of teachers of a certain class in the Abercorn Street School; and no person falling within the class of teachers whose employment is thus prohibited can set up any right under such contract between the board and a third party; especially is this true in a suit by one alleging a violation of a contract to teach, by reason of a transfer from the school named in the contract to another school, when it does not appear that such contract with a third party, prohibiting such transfer, was in existence at the time of the alleged transfer of the plaintiff from the school in which the plaintiff was employed to the Abercorn Street School.

5.  A petition, in a suit against the board by one alleging a breach of a contract of employment as teacher, showing the above facts, was properly dismissed on general demurrer.

*Judgment affirmed.  Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920.

Action on contract; from city court of Savannah — Judge Freeman.    June 7, 1919.

*George H. Richter,* for plaintiff.

*Adams & Adams,* for defendant.